IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD HEIDINGER, | No. C 07-0429 MMC (PR) |
| Petitioner, | **ORDER TO FILE PETITION; DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR FINANCIAL ASSISTANCE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| JAMES A. YATES, | |
| Respondent. | |
| _____ | **(Docket Nos. 1-3)** |

The above-titled action was opened on January 23, 2007, when petitioner, a California prisoner proceeding pro se, filed a motion for appointment of counsel and a motion for leave to proceed in forma pauperis. Petitioner has since filed, on February 20, 2007, a motion for "Financial Assistance for Investigator and Professional Assistance in Obtaining Expert Witness." Petitioner has not filed a petition or other civil complaint in this action.

Article III, Section 2 of the United States Constitution restricts adjudication in federal courts to "Cases" and "Controversies." See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). In the absence of an actual petition for a writ of habeas corpus or other civil complaint, there is no case or controversy for this Court to adjudicate. See Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001). Although, in some instances, a motion may be construed to be a petition for a writ of habeas corpus, see id. at 83-84, petitioner here has not alleged any grounds for such relief. Petitioner attaches to his motion for appointment of counsel a copy of a petition for a writ of habeas corpus petitioner filed in a prior action in this court, Heidinger v. Yates, 06-2832

MMC (PR),[1] which he claims demonstrates his alleged inability to proceed without counsel. As petitioner does not indicate whether he wishes to proceed in this action based on the prior petition and the claims therein, the motion will not be construed as a habeas petition.

Accordingly, within **thirty (30) days** of the date this order is filed, petitioner shall file a petition for a writ of habeas corpus. Petitioner's petition shall be filed on the Court's form for habeas petitions. The petition must include the caption and civil case number used in this order (No. C 07-0429 MMC (PR)) on the first page. **Petitioner must include in the petition all the claims he wishes to present, and he may not include any unexhausted claims or incorporate material from petitions filed in any prior actions by reference. Failure to file a petition in conformity with this order shall result in the dismissal of this action without prejudice.**

As there is no petition, and consequently no case or controversy, presented herein, petitioner's motions for appointment of counsel and for financial assistance are DENIED. Should petitioner file a petition herein containing cognizable claims for relief, and the interests of just so require, the Court will reconsider this decision sua sponte. See 18 U.S.C. § 3006A(a)(2)(B) (authorizing appointment of counsel in habeas case whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation").

In light of petitioner's lack of funds, the application to proceed in forma pauperis is GRANTED.

This order terminates Docket Nos. 1-3.

IT IS SO ORDERED.

DATED: May 24, 2007

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] Petitioner's prior habeas action was dismissed without prejudice on June 20, 2006 because petitioner still had a post-conviction action pending in state court.