IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD HEIDINGER, ) | No. C 07-0429 MMC (PR) |
| Petitioner, ) | **ORDER DIRECTING PETITIONER TO ELECT TO PROCEED WITH PENDING PETITION OR FILE AMENDED PETITION; DENYING REQUESTS FOR EVIDENTIARY HEARING** |
| v. ) | |
| JAMES A. YATES, Warden, ) | |
| Respondent. ) | **(Docket Nos. 8, 13 & 14)** |

The above-titled action was opened on January 23, 2007, when petitioner, a California prisoner proceeding pro se, filed a motion for appointment of counsel and a motion for leave to proceed in forma pauperis. On May 24, 2007, the Court granted petitioner leave to proceed in forma pauperis, and ordered him to file a petition for a writ of habeas corpus including all the claims he wishes to present in the petition. On June 25, 2007, petitioner filed a petition for a writ of habeas corpus and exhibits in support thereof. On September 4, 2007, petitioner filed a document titled "Petitioner's Update to the Court," in which he states that on August 8, 2007, he learned for the first time of additional errors concerning his state sentence. Petitioner also has filed three requests for an evidentiary hearing.

## BACKGROUND

In 2003, in the Superior Court of Monterey County ("Superior Court"), petitioner was found guilty of assault and the infliction of corporal injury on a spouse. He was sentenced to a term of twenty five years to life in state prison. The California Court of Appeal affirmed the conviction, but remanded the case for resentencing. The California Court of Appeal also

denied a habeas petition that petitioner had filed concurrently with his appeal. The California Supreme Court denied petitions for review with respect to both the appeal and the habeas petition. Thereafter, petitioner filed additional state habeas petitions that were denied in the Superior Court, California Court of Appeal, and California Supreme Court.

**DISCUSSION**

A. <u>Petitioner's Claims</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990) (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75-76 (1977)).

In the petition filed June 25, 2007, petitioner asserts the following grounds for relief: (1) actual innocence of the charged crimes; (2) instructional error; (3) denial of conflict-free counsel; (4) ineffective assistance of trial counsel; (5) violation of the right to a jury trial; (6) prosecutorial misconduct; (7) sentencing determinations by the judge rather than the jury; (8) sentence enhancements based on constitutionally infirm prior convictions; (9) cumulative error; (10) disproportionate sentencing amounting to cruel or unusual punishment; and (11) ineffective assistance of appellate counsel.

Liberally construed, petitioner's claims are cognizable. The Court will not issue an order to show cause in this matter, however, because it is unclear whether petitioner is attempting to assert additional claims, and whether those claims are exhausted. Specifically, on September 4, 2007, petitioner filed an "update" concerning his petition, in which he states that on August 8, 2007, when he was reviewing his prison file, he discovered for the first

1  time that on March 8, 2005, a resentencing hearing was held without his knowledge, and that
2  errors were made by the court at the hearing. Petitioner states he is attempting to investigate
3  the matter further, and that he has filed a motion in state court seeking access to transcripts
4  and other case materials relevant to the March 8, 2005 hearing.

If petitioner's intent is to add to the instant petition additional claims concerning the March 8, 2005 sentencing hearing, he can do so only by filing an amended petition that contains <u>all</u> of the claims on which he intends to proceed in federal court. A petitioner may not proceed on unexhausted claims, however. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982) (holding federal district court must dismiss habeas petition containing any claim as to which state remedies have not been exhausted). Consequently, if petitioner herein wishes to include in the amended petition any claims that have not been exhausted in the state courts, he must also file a motion for a stay of the instant proceedings while he exhausts such claims.

Accordingly, before the instant matter may proceed further, petitioner must (1) either inform the Court that he intends to proceed only with the claims included in the petition he filed on June 25, 2007, or (2) file an amended petition that includes the claims from the June 25, 2007 petition as well as the claims concerning the March 8, 2005 sentencing hearing. If petitioner chooses the latter option, and if petitioner has included in the amended petition any claim(s) that have not been exhausted, petitioner must also move for a stay of this matter while he returns to state court to exhaust his unexhausted claims. <u>In such motion, petitioner must (a) delineate the unexhausted claims he will be pursuing in state court, (b) show good cause for his failure to exhaust the claims earlier, and (c) show that the claims are potentially meritorious.</u> <u>See Rhines v. Webber, 544 U.S. 269, 277 (2005).</u>

B. <u>Petitioner's Motions</u>

Petitioner has filed three requests for an evidentiary hearing concerning claims he raises in the June 25, 2007 petition. Until the Court has issued an order directing respondent to show cause why the writ should not be granted, however, petitioner's requests are premature. Accordingly, the requests will be denied without prejudice. Once an order to show cause has issued in this matter, petitioner may file a renewed request for an evidentiary

3

1 hearing; petitioner must also serve any such request on respondent's counsel.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Within **thirty (30)** days of the date this order is filed, petitioner shall either: (1) inform the Court that he intends to proceed only with the claims included in the petition he filed on June 25, 2007, or (2) file an amended petition that includes the claims from the June 25, 2007 petition as well as the claims concerning the March 8, 2005 sentencing hearing; <u>if such amended petition includes any unexhausted claims, petitioner must also move for a stay of this matter, as set forth in Section A above</u>.

2. If petitioner chooses to file an amended petition, he must include the caption and civil case number used in this order, No. C 07-0429 MMC (PR), as well as the words FIRST AMENDED PETITION on the first page; petitioner shall not incorporate material from the original petition by reference. A copy of this district's form petition, along with instructions for completing it,[1] has been provided with this order.

3. <u>If petitioner fails to respond to this order by choosing one of the above-enumerated options, the petition will be dismissed without prejudice.</u>

4. Petitioner's requests for an evidentiary hearing are DENIED as premature.

This order terminates Docket Nos. 8, 13 and 14.

IT IS SO ORDERED.

DATED: January 28, 2008

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] Petitioner may disregard items II and III of the Instructions.

4