IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD HEIDINGER,<br><br>    Petitioner,<br><br>v.<br><br>JAMES A. YATES, Warden,<br><br>    Respondent.<br>_____ | No. C 07-0429 MMC (PR)<br><br>**ORDER TO SHOW CAUSE; DENYING PETITIONER'S REQUEST FOR EXTENSION OF TIME**<br><br>**(Docket No. 18)** |

    The above-titled action was opened on January 23, 2007, when petitioner, a California prisoner proceeding pro se, filed a motion for appointment of counsel and a motion for leave to proceed in forma pauperis. On May 24, 2007, the Court granted petitioner leave to proceed in forma pauperis, and ordered him to file a petition for a writ of habeas corpus, such petition to include all the claims he wished to present. On June 25, 2007, petitioner filed a petition for a writ of habeas corpus, along with exhibits in support thereof. On September 4, 2007, petitioner filed a document titled "Petitioner's Update to the Court," in which he stated that on August 8, 2007, he learned for the first time of additional errors concerning his state sentence, in particular, errors concerning a March 8, 2005 hearing.

    On January 28, 2008, the Court found the claims alleged in the petition, when liberally construed, stated cognizable claims for relief; the Court afforded petitioner leave to amend, however, for the purpose of alleging the additional claims referenced in "Petitioner's Update to the Court." In that regard, the Court directed petitioner either (1) to inform the Court that

he intends to proceed only with the claims included in the petition he filed on June 25, 2007, or (2) to file an amended petition, including therein the claims from the June 25, 2007 petition as well as the claims concerning the March 8, 2005 sentencing hearing. The Court further explained to petitioner that if he chose the latter option and included in the amended petition any claims that have not been exhausted, he must also move for a stay of this matter while he returns to state court to exhaust his unexhausted claims.

On February 22, 2008, petitioner filed a response to the Court's order, in which he states he intends to proceed only with the claims included in the petition he filed on June 25, 2007. Accordingly, the Court will order respondent to file an answer to the petition or, alternatively, a motion to dismiss the petition on procedural grounds.

## BACKGROUND

In 2003, in the Superior Court of Monterey County ("Superior Court"), petitioner was found guilty of assault and the infliction of corporal injury on a spouse. He was sentenced to a term of twenty-five years to life in state prison. The California Court of Appeal affirmed the conviction, but remanded the case for resentencing. The California Court of Appeal also denied a habeas petition that petitioner had filed concurrently with his appeal. The California Supreme Court denied petitions for review with respect to both the appeal and the habeas petition. Thereafter, petitioner filed additional state habeas petitions that were denied in the Superior Court, the California Court of Appeal, and the California Supreme Court.

## DISCUSSION

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the

2

petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.  Petitioner's Claims

In the petition filed June 25, 2007, petitioner asserts the following grounds for relief: (1) actual innocence of the charged crimes; (2) instructional error; (3) denial of conflict-free counsel; (4) ineffective assistance of trial counsel; (5) violation of the right to a jury trial; (6) prosecutorial misconduct; (7) sentencing determinations by the judge rather than the jury; (8) sentence enhancements based on constitutionally infirm prior convictions; (9) cumulative error; (10) disproportionate sentencing amounting to cruel or unusual punishment; and (11) ineffective assistance of appellate counsel. Liberally construed, petitioner's claims are cognizable.

C.  Request for Extension of Time

On April 14, 2008, petitioner filed a request for an extension of time of ninety days in which to file any written response required by the Court. In support of said request, petitioner states that on April 9, 2008, he was transferred to the University of California at Davis Medical Facility, where he is to undergo major surgery to replace his shoulder, and that petitioner's doctor has informed him that after the surgery, petitioner will be unable to write for a period of ninety days.

The request will be denied without prejudice as premature, as no written response will be due from petitioner until thirty days after respondent has filed either an answer or a motion to dismiss. As respondent will be granted ninety days in which to do so, it is likely that petitioner will be able to file a timely response thereto. Should petitioner be unable to do so, he may file a renewed request for an extension of time after he is served with the answer or motion to dismiss.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Petitioner's request for an extension of time is hereby DENIED without prejudice.

3

(Docket No. 18.)

2. The Clerk of the Court shall serve by certified mail a copy of this order, <u>the petition (Docket No. 6), and the exhibits filed in support thereof (Docket No. 7)</u>, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

1    7. Upon a showing of good cause, requests for a reasonable extension of time will be
2 granted provided they are filed on or before the deadline they seek to extend.
3    This order terminates Docket No. 18.
4    IT IS SO ORDERED.
5 DATED: May 28, 2008

_____
MAXINE M. CHESNEY
United States District Judge