IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERALD HEIDINGER, | ) | No. C 07-0429 MMC (PR) |
| Petitioner, | ) ) | **ORDER DENYING MOTION TO DISMISS; ADDRESSING PETITIONER'S PENDING MOTIONS; SCHEDULING FILING OF ANSWER AND TRAVERSE** |
| v. | ) ) | |
| JAMES A. YATES, Warden, | ) ) | |
| Respondent. _____ | ) ) | **(Docket Nos. 23, 24, 25, 34, 36 & 44)** |

On June 25, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] After reviewing the petition, the Court ordered respondent to file an answer showing cause why the petition should not be granted, or in the alternative, a motion to dismiss on procedural grounds. Respondent chose the latter course, and has filed a motion to dismiss the petition on the ground that the petition is barred by the applicable one-year statute of limitations. See 28 U.S.C. § 2244(d). Petitioner has filed opposition, and respondent has filed a reply.[2]

---

[1] The action was opened on January 23, 2007, when petitioner filed a motion for appointment of counsel and a motion for leave to proceed in forma pauperis. The petition, however, was not filed until June 25, 2007.

[2] Petitioner has moved to strike the reply as untimely, as respondent did not comply with the Court's order to file a reply within fifteen days of the date petitioner filed his opposition. (Order, filed Aug. 28, 2008, at 1.) Specifically, petitioner filed his opposition on October 20, 2008, and respondent filed the reply 22 days later, on November 12, 2008. Petitioner's motion will be denied; the delay is not substantial and petitioner has suffered no prejudice as a result thereof.

**BACKGROUND**

In 2003, in the Superior Court of Monterey County ("Superior Court"), petitioner was found guilty of corporal injury on a spouse and misdemeanor assault. Additionally, the trial court found petitioner had sustained three prior "strikes" and a prior serious felony conviction. Petitioner was sentenced to a term of twenty-five years to life in state prison. (Pet. Ex. P, Unpublished opinion of the California Court of Appeal in People v. Heidinger, No. H026067, at 1-2.)

Thereafter, petitioner filed concurrently in the California Court of Appeal a direct appeal and a state habeas corpus petition challenging his conviction and sentence. (Id. at 2.) On September 29, 2004, the California Court of Appeal remanded the case for resentencing, but otherwise affirmed the judgment of conviction and denied habeas relief. (Id. at 19.) On December 22, 2004, the California Supreme Court denied review with respect to both the direct appeal and the habeas petition. (Pet. Ex. P, Orders denying review in Case Nos. S128960 & S128961.)

On August 3, 2005, petitioner filed a habeas corpus petition in the Superior Court. On September 16, 2005, the petition was denied on the ground petitioner should have raised his claims on appeal. (Pet. Ex. P, Order in Case No. HC 05118.)

On October 19, 2005, petitioner filed another habeas corpus petition in the Superior Court. On November 28, 2005, the petition was denied on the ground petitioner failed to state a prima facie case for relief. (Pet. Ex. P, Order in Case No. HC 05190.)

On January 13, 2006, petitioner filed a habeas corpus petition in the California Court of Appeal, which petition was denied on March 10, 2006. (Mot. Dismiss Ex. 1.)

On April 7, 2006, petitioner filed a habeas corpus petition in the California Supreme Court, which petition was denied on December 13, 2006. (Mot. Dismiss Ex. 2.)

On June 25, 2007, petitioner filed the instant petition.

On March 17, 2008, petitioner filed another habeas corpus petition in the California Supreme Court, which petition was denied as untimely on August 27, 2008. (Mot. Dismiss Ex. 3.)

**DISCUSSION**

A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations with respect to petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

Where, as here, a petitioner seeks direct review of the intermediate state appellate court's opinion and the California Supreme Court subsequently denies review, the judgment of conviction becomes final ninety days thereafter, i.e., the date on which the time for the petitioner to file a petition for a writ of certiorari from the United States Supreme Court expires. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). In the instant case, the California Supreme Court denied review on December 22, 2004; consequently, the judgment of conviction became final ninety days later, on March 22, 2005, and the limitations period commenced on March 23, 2005.[4] Accordingly, the presumptive date for petitioner to file a timely habeas corpus petition in federal court was March 23, 2006. As petitioner did not, however, file the instant petition until June 25, 2007, respondent moves to dismiss the petition on the ground it was filed in excess of the one-year limitations period. Petitioner argues statutory and equitable tolling render the petition timely.

---

[3] In rare instances, not presented by the instant petition, the limitations period may run from a date later than the date on which the judgment became final. See 28 U.S.C. § 2244(d)(1)(B)-(D).

[4] The one-year period is calculated according to the general rule for counting time in federal courts, Rule 6(a) of the Federal Rules of Civil Procedure. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). That is, "the day of the act, event, or default from which the designated period of time begins to run shall not be included" in the one-year limitation period. Fed. R. Civ. P. 6(a).

3

B.   Statutory Tolling

Pursuant to § 2244(d)(2), the one-year statute of limitations is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The limitations period is not tolled during the time between the date on which a final decision is issued on direct appeal and the date on which the first state collateral challenge is filed, because there is no state case pending during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Consequently, respondent argues, the limitations period ran from March 22, 2005, the date petitioner's direct appeal became final, until August 3, 2005, the date petitioner filed his first state habeas petition in the Superior Court.

In opposition, petitioner argues the limitations period was tolled earlier than August 3, 2005, because (1) he filed a state habeas petition in the Superior Court on May 18, 2005, (Opp. Ex. I), and (2) he refiled that petition in the Superior Court on June 9, 2005. (Opp. Ex. K.)

Respondent maintains neither of the referenced petitions served to toll the statute of limitations because neither petition was properly filed. Specifically, with respect to the May 18, 2005 petition, respondent notes that the Superior Court, on June 2, 2005, returned that petition to petitioner without filing it, because petitioner failed to show that he had served the prosecution, as required by state law. (Opp. Ex. J.) Further, with respect to the documents submitted by petitioner to the Superior Court on June 9, 2005, respondent notes that those documents did not include a petition, and were returned to petitioner without filing. (Opp. Ex. Q.)

A petition that does not comply with a state's filing requirements is not "properly filed" for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2). See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding petition properly filed under § 2244(d)(2) when its delivery and acceptance are in compliance with applicable laws and rules governing filings); see also Isley v. Arizona Dep't of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004) (holding that in order to toll statute under § 2244(d)(2), state filing must include actual application for relief

4

1  from judgment).  Here, the Court agrees that neither of the two petitions submitted by
2  petitioner to the Superior Court prior to August 3, 2005, was properly filed for purposes of
3  statutory tolling under § 2244(d)(2).  Thus, after petitioner's direct appeal became final on
4  March 22, 2005, the limitations period ran for 134 days, until petitioner filed his first state
5  habeas petition in the Superior Court on August 3, 2005.

6        Ordinarily, under § 2244(d)(2), the one-year limitations period is tolled from the time
7  a California prisoner files his first state habeas petition until the date the state Supreme Court
8  rejects his final collateral challenge.  Carey v. Saffold, 536 U.S. 214, 219-20 (2002).
9  Specifically, for purposes of statutory tolling, a state habeas petition is pending, in the
10  absence of undue delay, while a California petitioner completes a full round of state
11  collateral review all the way to the California Supreme Court.  Biggs v. Duncan, 339 F.3d
12  1045, 1048 (9th Cir. 2003) (quotation and citation omitted).  Such tolling applies even if the
13  petitioner files additional or overlapping petitions before the first full round of review is
14  complete.  Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003).  If, however, there is
15  any gap between the completion of one round of state habeas review and the commencement
16  of another round of such review, the petitioner is not entitled to tolling during the gap.  Id. at
17  821; see, e.g., Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (finding no tolling for gap
18  between successive state habeas petitions filed in California Supreme Court).  Respondent
19  argues petitioner is not entitled to continuous tolling of the limitations period from the time
20  he filed his first Superior Court petition until his California Supreme Court petition was
21  denied, because he filed a second Superior Court petition during the gap between the
22  Superior Court's denial of the first Superior Court petition and the time petitioner filed his
23  petition in the Court of Appeal.  The Court disagrees.  See Delhomme, 340 F.3d at 820
24  (holding, absent unreasonable delay, "the first round of review remains pending, and tolling
25  does not end until next round is completed at the California Supreme Court").  As discussed
26  below, however, even if the limitations period was tolled for 44 days while petitioner's first
27  Superior Court habeas petition was pending, i.e., from August 3, 2005 to September 16,
28  2005, and then ran for 33 days, until petitioner filed his second Superior Court petition on

1 October 19, 2005, the petition would be timely.

2 As respondent acknowledges, after petitioner filed his second Superior Court petition, the limitations period was tolled continuously for 420 days, until the California Supreme Court denied petitioner's final habeas petition on December 13, 2006.[5]  As the denial of a state habeas petition by the California Supreme Court is final immediately, see Cal. R. Ct. Rule 8.532(b)(3)(C), the tolling period ended on December 13, 2006, and the limitations period began to run again on December 14, 2006.

The limitations period is not tolled for the period between the date on which the state court judgment of conviction becomes final and the date on which a federal habeas corpus petition is filed.  See Nino, 183 F.3d at 1007.  Thus, the limitations period was not tolled between December 14, 2006 and June 25, 2007, the date on which petitioner filed the instant petition.  Consequently, another 193 days of the limitations period elapsed during that time.

Accordingly, using the above calculations, the Court finds the instant petition was filed within the applicable limitations period.  Specifically, by the time the California Supreme Court denied petitioner's state habeas corpus petition on December 13, 2006, 167 days not subject to tolling had elapsed, specifically, 134 days elapsed before petitioner filed his first Superior Court petition, and 33 days elapsed between the two Superior Court petitions.  Thus, petitioner had another 198 days, or until June 30, 2007, to file his federal petition within the 365-day limitations period.  As noted, above, petitioner filed the instant petition on June 25, 2007, i.e., 193 days after the California Supreme Court's denial.  Put differently, when calculated in terms of days subject to tolling, the limitations period was tolled for 464 days, comprising 44 days during which petitioner's first Superior Court habeas petition was pending and 420 days during which petitioner's second set of habeas petitions was pending.  Consequently, the presumptive deadline of March 23, 2006, for petitioner to

---

[5] Petitioner filed a subsequent habeas petition in the California Supreme Court on March 17, 2008.  As set forth below, however, petitioner was required to file the instant petition by June 30, 2007.  Consequently, petitioner's 2008 state habeas petition is not relevant to the timeliness inquiry herein.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding state habeas petition filed after expiration of one-year statute of limitations cannot toll limitations period).

6

file the instant petition was extended to June 30, 2007. Again, as noted, petitioner filed the instant petition on June 25, 2007.[6]

In sum, petitioner filed his federal habeas corpus petition five days before expiration of the 365-day limitations period. The petition, therefore, is timely. Accordingly, the motion to dismiss the petition as untimely will be denied.[7]

C.  Motion to Relate Cases

Petitioner has filed an "Administrative Motion to Consider Whether Cases Should be Related Pursuant to Civil LR 7-11." In such motion, petitioner states he has recently exhausted in state court claims pertaining to his resentencing, and asks the Court to allow him to rely, in the instant matter, on facts found by the California Supreme Court with respect thereto. Petitioner expressly states that he is not seeking to amend the instant petition to add newly exhausted claims.

The motion will be denied. A request for the Court to decide, at this juncture in the proceedings, what evidence the Court will consider when ruling on the merits of the petition is premature. Should petitioner decide to present, in support of his traverse to respondent's answer, factual determinations made by the California Supreme Court in petitioner's state habeas proceedings, the Court will determine the relevance and/or admissibility of the evidence at that time.

D.  Motions for Evidentiary Hearing

Petitioner moves for an evidentiary hearing on his claims of actual innocence, prosecutorial misconduct, and sentencing error. A district court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to

---

[6] The dates and periods of tolling calculated by the Court are the same as those calculated by respondent. Nevertheless, respondent concludes in the motion to dismiss that the petition should have been filed by May 16, 2007, not, contrary to the Court's calculation, June 30, 2007. (See Mot. Dismiss at 4.) To require such filing by May 16, 2007, however, would be to allot petitioner only 419 days of statutory tolling, not 464 days, which is the number of days respondent acknowledges the limitations period should be tolled. (See id.)

[7] As the motion will be denied based on petitioner's entitlement to statutory tolling, the Court does not reach petitioner's arguments that he also is entitled to tolling under the "mailbox rule" and to equitable tolling.

support the petitioner's claim. Here, the Court is unable to make such a determination as no answer to the petition has been filed. Accordingly, petitioner's motions will be denied as premature. Petitioner may resubmit his request for an evidentiary hearing together with his traverse, after respondent has filed an answer to the petition. Should petitioner do so, respondent shall file a response to the request for an evidentiary hearing, as set forth in the briefing schedule below.

E.   Motion for Appointment of Counsel

Petitioner seeks appointment of counsel to assist him with the preparation of his traverse. The Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B). Here, petitioner's claims have been adequately presented in the petition and no other grounds exist that would require the appointment of counsel at this time; accordingly, as the interests of justice do not require appointment of counsel, petitioner's motion is hereby DENIED. Should the circumstances of the case materially change, the Court may reconsider petitioner's request sua sponte.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Respondent's motion to dismiss the petition as untimely is hereby DENIED. (Docket No. 36.)

2. Petitioner's motion to strike the reply is hereby DENIED. (Docket No. 44.)

3. Petitioner's motion to relate cases is hereby DENIED. (Docket No. 34.)

4. Petitioner's motions for an evidentiary hearing are hereby DENIED. (Docket Nos. 23 & 24.)

5. Petitioner's motion for appointment of counsel is hereby DENIED. (Docket No. 25.)

8

6. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

If petitioner files with his traverse a request for an evidentiary hearing, respondent <u>shall</u> file a response within **fifteen (15)** days of the date such request is filed.

7. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

8. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

This order terminates Docket Nos. 23, 24, 25, 34, 36 and 44.

IT IS SO ORDERED.

DATED: December 8, 2008

*signature*
MAXINE M. CHESNEY
United States District Judge