IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD HEIDINGER,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JAMES A. YATES, Warden,<br><br>　　　　Respondent.<br>_____ | No. C 07-0429 MMC (PR)<br><br>**ORDER DENYING PETITIONER'S MOTIONS FOR SANCTIONS AND EVIDENTIARY HEARING; GRANTING LEAVE TO FILE OVERSIZED TRAVERSE**<br><br>**(Docket Nos. 60, 66, 69 & 73)** |

　　　　On June 25, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Thereafter, respondent filed a motion to dismiss the petition on the ground that the petition is barred by the applicable one-year statute of limitations. See 28 U.S.C. § 2244(d). By order filed December 8, 2008, the Court denied the motion to dismiss and scheduled the filing of an answer and traverse. Respondent has filed an answer to the petition and petitioner has filed a traverse. Now pending before the Court are various motions filed by petitioner to be decided prior to the Court's ruling on the merits of the petition.

A.　　Motion for Sanctions for Failure to Provide Copies of Lodged Exhibits

　　　　When the Court, in its December 8, 2008 order, directed respondent to answer the petition, the following instructions were provided: "Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition." (Order, filed Dec. 31, 2008, at 9:4-7.)

　　　　On May 14, 2009, respondent filed an answer to the petition. On May 29, 2009,

petitioner requested an extension of time to file the traverse and also sought an order directing respondent to provide petitioner with all exhibits lodged in support of the petition. In particular, petitioner asserted respondent had not complied with the Court's order to provide petitioner with copies of the lodged exhibits. By order filed June 8, 2009, the Court granted petitioner's requests and directed respondent, within fifteen days, to provide petitioner with a copy of all exhibits lodged in support of the petition. Petitioner was directed to file his traverse by August 14, 2009.

On July 10, 2009, petitioner filed the instant motion for sanctions, claiming respondent still had not provided him with the exhibits lodged in support of the petition. On July 14, 2009, respondent filed a response, apologizing for his delayed compliance with the Court's order and assuring the Court that the exhibits would be forwarded to petitioner and an attempt would be made to obtain copies of the state transcripts petitioner had requested. (Docket No. 63.) On July 31, 2009, petitioner notified the Court that certain documents filed in and with Exhibit 8 (petitioner's state habeas petition) were missing, and requested that respondent be ordered to provide such documents to him. (Docket No. 64.) On August 6, 2009, respondent filed a "Letter Regarding Exhibits," attaching thereto the above-referenced state transcripts and noting that petitioner appeared to already have in his possession the documents he had requested from respondent, including Exhibit 8, as petitioner had attached copies of such documents to his request; additionally, respondent stated that all documents in respondent's possession responsive to the order to show cause had now been provided to petitioner. (Docket No. 65.) On August 11, 2009, petitioner submitted his traverse to prison officials for mailing; on the following day, petitioner received supplemental state transcripts from respondent. Although petitioner objected to the lateness of his receipt of the transcripts, he informed the Court, in a Notice filed August 31, 2009, that "this occurrence [did] not significantly alter the [t]raverse." (Docket No. 31 at 2:10-11.)

Petitioner's motion for sanctions will be denied. Although there has been delay in respondent's providing petitioner with the exhibits lodged in support of the answer to the petition and the relevant state transcripts, petitioner now has been provided with all

2

responsive documents in respondent's possession and the record does not support a finding that respondent has acted in bad faith. Further, there is no showing that petitioner has been prejudiced by the delay. Specifically, he has been able to rely on the documents to file his traverse and has notified the Court of the relevance to his traverse of any documents he received after the traverse was filed.

B. <u>Motions for Evidentiary Hearing and Sanctions</u>

Petitioner previously moved for an evidentiary hearing, which motion the Court, in its December 8, 2008 order, denied without prejudice as premature. Specifically, the Court informed petitioner that he could resubmit his motion together with his traverse. By that same order, the Court directed respondent to file a response to any such motion filed by petitioner, and to do so within fifteen days of the date the motion was filed. (Docket No. 46 at 9:10-11.) On August 14, 2009, petitioner filed, together with his traverse, a motion for an evidentiary hearing; the motion was based on newly-discovered evidence petitioner claims was not disclosed by the prosecution, in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), thereby preventing him from presenting a full defense and causing him to receive ineffective assistance from his counsel. Petitioner now moves for sanctions, on the ground respondent has not filed a response to his request for an evidentiary hearing.

Petitioner's motion for sanctions will be denied, as there is no evidence respondent has acted in bad faith by failing to comply with the Court's order or that petitioner has been prejudiced as a result. Further, as discussed below, the Court, having reviewed the assertions in petitioner's motion for an evidentiary hearing, will deny the motion without requiring respondent to file a reply.

In support of his motion for an evidentiary hearing, petitioner claims he has newly-discovered evidence that shows his right to due process was violated because the prosecution failed to disclose that the victim, Victoria Goad ("Goad"), who testified at trial and was found to be petitioner's cohabitant, was either a peace officer or firefighter. In support of his claim, petitioner has attached to his motion an unauthenticated copy of a page from petitioner's California Criminal History Information Report, which document petitioner

3

states he received on November 19, 2007, several months after he filed the instant petition. The report lists petitioner's conviction for misdemeanor assault, a conviction petitioner challenges herein, as "Assault Peace Officer/Fireman." (See Mot. for Evid. Hearing Ex. A.)[1] Based on such evidence, petitioner seeks an evidentiary hearing in order to conclusively establish Goad's status at the time petitioner was charged with her assault, and also to show the prosecution had failed to disclose Goad's status to petitioner.

Petitioner argues the evidence of Goad's status is relevant to his challenge to the instant petition because, had he known such information at the time of trial, he would have, in addition to arguing he was acting in self-defense when he assaulted Goad, "charge[d] the prosecution with entrapment," on the ground that Goad, in her capacity as a peace officer or firefighter, acted in a manner that she knew would cause petitioner to defend himself by assaulting her.

Petitioner further argues that, had he learned of Goad's status at the time of his trial, he would have argued that his lack of prior knowledge of Goad's true identity showed that, for purposes of California Penal Code § 273.5, the statute under which petitioner was convicted for wilful infliction of corporal injury on a cohabitant, he and Goad were not involved in a "domestic" relationship.

Additionally, petitioner maintains, evidence of Goad's status would have supported his pre-trial efforts to have the charges against him dismissed on the ground Goad perjured herself about the assault at the preliminary hearing.

Lastly, petitioner claims he would have used the evidence to impeach Goad at trial by showing that Goad, in her capacity as a peace officer or firefighter, had a working knowledge of the judicial system that could be used to manipulate the system in a way beneficial to the prosecution.

A district court may not hold an evidentiary hearing on a claim for which the petitioner failed to develop a factual basis in state court, unless the petitioner shows that:

---

[1] The Court notes that the statute listed therein, California Penal Code § 240, makes no reference to peace officers or firefighters, or to any other identified class of victim.

4

(1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). Where failure to develop the factual basis for the claim in the state court proceedings is not attributable to the petitioner, such petitioner, to receive an evidentiary hearing, must make a colorable claim for relief and meet one of the factors set forth in Townsend v. Sain, 372 U.S. 293 (1963). Insyxiengmay v. Morgan, 403 F.3d 657, 670-71 (9th Cir. 2005). Specifically, in Townsend, the Supreme Court concluded that a federal habeas petitioner is entitled to an evidentiary hearing on his factual allegations if: (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. Id. at 670 (quoting Townsend, 372 U.S. at 313). In sum, where the petitioner has not failed to develop his claim and can meet one of the Townsend factors, "[a]n evidentiary hearing on a habeas corpus petition is required whenever petitioner's allegations, if proved, would entitle him to relief." Id. (internal citation and quotation omitted).

     Here, petitioner asserts he exercised due diligence during his state criminal proceedings to obtain all facts relevant to Goad's criminal and personal history, but he was unable to obtain the information regarding her identity as a peace officer or firefighter due to the prosecution's failure to obtain and disclose such evidence to petitioner after his counsel requested discovery with respect to Goad. Based on such assertions, the Court will assume, without deciding, that petitioner's failure to develop the factual basis for his claim was not attributable to petitioner and, consequently, does not prevent him from seeking an evidentiary

5

hearing. The Court finds, however, no evidentiary hearing is required because, even if petitioner's allegations concerning Goad's status are proved, the facts underlying the claim "would [not] be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found [petitioner] guilty of the underlying offense." See 28 U.S.C. § 2254(e)(2). Specifically, having reviewed the answer to the petition and the traverse, the Court concludes that, had the evidence been disclosed to the defense and used in the manner described by petitioner, there is no reasonable probability the result of the trial would have been different. See United States v. Bagley, 473 U.S. 667, 676 (1985).

Accordingly, the motion for an evidentiary hearing will be denied. If the Court, upon reviewing the merits of the petition, subsequently determines an evidentiary hearing is warranted, the Court will order such hearing sua sponte.

C. Motion for Leave to File Oversized Brief

Good cause appearing, petitioner's request to file an oversized brief in support of the traverse will be granted.

**CONCLUSION**

For the foregoing reasons the Court orders as follows:

1. Petitioner's motion for sanctions with respect to respondent's failure to provide exhibits is hereby DENIED. (Docket No. 60.)

2. Petitioner's motion for an evidentiary hearing and motion for sanctions with respect to respondent's failure to respond to the motion for an evidentiary hearing are hereby DENIED. (Docket Nos. 66 & 73.)

3. Petitioner's motion for leave to file an oversized brief in support of the traverse is hereby GRANTED. (Docket No. 69.)

This order terminates Docket Nos. 60, 66, 69 and 73.

IT IS SO ORDERED.

DATED: March 26, 2010

_____
MAXINE M. CHESNEY
United States District Judge